Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21031 Ventura Blvd, Suite 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@ toddflaw.com
abacon@ toddflaw.com
mgeorge@toddflaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ANDREWS, and CARMEN ANDREWS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMRESORTS, L.P., ALG INTEGRATED HOLDINGS CORP DBA APPLE LEISURE GROUP and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 5:21-cv-2157<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)];<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]; and<br>3. CALIFORNIA PENAL CODE § 632.7<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs JAMES ANDREWS and CARMEN ANDREWS ("Plaintiffs"), individually and on behalf of all others similarly situated, allege the following upon information and belief based upon personal knowledge:

---

CLASS ACTION COMPLAINT

- 1 -

## NATURE OF THE CASE

1. Plaintiffs bring this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of AMRESORTS, L.P., and INTEGRATED HOLDINGS CORP ("Defendants"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiffs' cellular telephones in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA") and related regulations thereby invading Plaintiffs' privacy.

2. Plaintiffs also bring this action, individually and on behalf of all others similarly situated, in connection with Defendants' practice of recording calls to consumers without having first notified said consumers or obtaining their consent to have the call recorded, in violation of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 632.7.

3. The CIPA, Cal. Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other while the person being recorded is on a cellular telephone. Penal Code § 632.7 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requirement under California Penal Code § 632.7 that the communication be confidential. Plaintiffs allege that Defendants continue to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

## JURISDICTION & VENUE

4. Jurisdiction is proper under 28 U.S.C. § 1331 because this action arises under a federal statute, namely the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.

5. Venue is proper in the United States District Court for the Central District of California pursuant to *28 U.S.C. § 1391(b)(2)* because Defendants do business within the State of California and Plaintiffs reside within the County of Riverside.

## PARTIES

6. Plaintiff, JAMES ANDREWS ("James"), is a natural person residing in Banning, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

7. Plaintiff, CARMEN ANDREWS ("Carmen"), is a natural person residing in Banning, California and is a "person" as defined by *47 U.S.C. § 153(39)*.

8. Plaintiffs James and Carmen will hereinafter be collectively referred to as "Plaintiffs."

9. Defendant, AMRESORTS, L.P. ("AM") is a resort and hospitality company, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

10. Defendant, ALG INTEGRATED HOLDINGS CORP ("ALG") is a resort and hospitality company, Defendant AM's parent company, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

11. Defendants AM and ALG will hereinafter be collectively referred to as "Defendants."

12. The above named Defendants, and their subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

13. Plaintiff is informed and believes that at all relevant times, each and every Defendants was acting as an agent and/or employee of each of the other

Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

14. Beginning in or around September of 2020, Defendants contacted Plaintiffs on Plaintiffs' cellular telephone in an attempt to solicit Plaintiff to purchase Defendants' services.

15. Plaintiff James's telephone number ends in 3751.

16. Plaintiff Carmen's telephone number ends in 5696.

17. Defendants called Plaintiff James numerous times, for numerous different numbers, including but not limited to a call placed on September 10, 2020, at 12:21 PM.

18. Defendants called Plaintiff Carmen numerous times, from numerous different numbers, including but not limited to a call placed on September 12, 2020 at 12:57 PM.

19. Defendants used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiffs seeking to solicit its services.

20. Defendants contacted or attempted to contact Plaintiffs from multiple telephone numbers confirmed to belong to Defendants, including without limitation (760) 246-1500 and (760) 845-1554.

21. Defendants' calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

22. Defendants' calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

23. Plaintiffs are not, and have never been, a customer of Defendants', and therefore Defendants did not possess Plaintiffs' "prior express consent" to

receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

24. Defendants' calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendants' services.

25. Plaintiffs received numerous solicitation calls from Defendants within a 12-month period. During each conversation between Plaintiffs and Defendants, Plaintiffs maintained a reasonable expectation of privacy. That is, Plaintiffs had a reasonable expectation during their phone conversations with Defendants that the conversations would neither be recorded nor overheard.

26. Defendants intentionally recorded their calls with Plaintiffs through the use of an electronic device without having first obtaining Plaintiffs' consent to be recorded or otherwise notifying Plaintiffs that the call was being recorded, thereby violating the CIPA, Cal. Penal Code § 632.7.

## **CLASS ALLEGATIONS**

27. Plaintiffs bring this action individually and on behalf of all others similarly situated, as a member of two proposed classes

28. The class concerning the ATDS claim for no prior express consent (hereafter "The ATDS Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

29. Plaintiffs represent, and are members of, The ATDS Class, consisting of all persons within the United States who received any solicitation/telemarketing telephone calls from Defendants to said person's cellular telephone made through

the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendants within the four years prior to the filing of this Complaint.

30. The class concerning Defendant's recordings of phone calls in violation of Cal. Penal Code § 632.7 ("The CIPA Class") is defined as follows:

> All persons in California whose inbound and outbound telephone conversations were recorded without their consent and without notification that the calls were being recorded by Defendants or its agent(s) within the one year prior to the filing of this action.

31. The ATDS Class and The CIPA Class may be referred to collectively hereinafter as "The Classes".

32. Defendants, its employees and agents are excluded from The Classes. Plaintiff does not know the number of members in The Classes, but believes the Classes' members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

33. The Classes are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs are informed and believe and thereon allege that The Classes include thousands of members. Plaintiffs allege that The Class members may be ascertained by the records maintained by Defendants.

34. Plaintiffs and members of The ATDS Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiffs and The ATDS Class members via their cellular telephones thereby causing Plaintiff and The ATDS Class members to incur certain charges or reduced telephone time for which Plaintiffs and The ATDS Class members had previously paid by having to retrieve or administer messages left by Defendants during those

illegal calls, and invading the privacy of said Plaintiff and The ATDS Class members.

35. Common questions of fact and law exist as to all members of The ATDS Class which predominate over any questions affecting only individual members of The ATDS Class. These common legal and factual questions, which do not vary between ATDS Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a.    Whether, within the four years prior to the filing of this Complaint, Defendants made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    b.    Whether Plaintiffs and The Class members were damaged thereby, and the extent of damages for such violation; and

    c.    Whether Defendants should be enjoined from engaging in such conduct in the future.

36. As people that received numerous telemarketing/solicitation calls from Defendants using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiffs' prior express consent, Plaintiffs are asserting claims that are typical of The ATDS Class.

37. Plaintiffs and members of The CIPA Class were harmed by the acts of Defendants in at least the following ways: Defendants, either directly or through its agents, illegally recorded inbound and outbound cellular telephone conversations without their consent and without giving them prior notice of the recording within the one year prior to the filing of this action, thereby running afoul

of CIPA Class members' reasonable expectations of privacy and causing them damage.

38. Common questions of fact and law exist as to all members of The CIPA Class which predominate over any questions affecting only individual members of The CIPA Class. These common legal and factual questions, which do not vary between CIPA Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a. Whether Defendants have a policy of recording incoming or outgoing calls;

    b. Whether Defendants have a policy of recording incoming or outgoing calls initiated to or from a cellular telephone;

    c. Whether Defendants disclose to callers or obtains their consent that their incoming or outgoing telephone conversations were being recorded;

    d. Whether Defendants' policy of recording incoming or outgoing calls to cellular telephones constitutes a violation of the CIPA, Cal. Penal Code § 632.7;

    e. Whether Plaintiffs and The CIPA Class were damaged thereby, and the extent of damages for such violations; and

    f. Whether Defendants should be enjoined from engaging in such conduct in the future.

39. As California residents whose telephone communications from Defendants were recorded without consent or notice, Plaintiffs are asserting claims that are typical of The CIPA Class because every other member of The CIPA Class, like Plaintiffs, was a person in California who was exposed to practically identical conduct, and they are entitled to the greater of either $5,000 in statutory damages or three times the amount of actual damages for each violation.

40. Plaintiffs will fairly and adequately protect the interests of the members of The Classes. Plaintiffs have retained attorneys experienced in the prosecution of class actions.

41. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class's member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

42. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

43. Defendants have acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b).**

**On Behalf of The ATDS Class**

44. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-43.

45. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

46. As a result of Defendants' negligent violations of *47 U.S.C. § 227(b)*, Plaintiffs and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

47. Plaintiffs and The Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

**On Behalf of The ATDS Class**

48. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-43.

49. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

50. As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227(b)*, Plaintiffs and The Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

51. Plaintiffs and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

# THIRD CAUSE OF ACTION

## Violation of the California Invasion of Privacy Act

## Cal. Penal Code § 632.7

## On Behalf of The CIPA Class

52. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-51.

53. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted). Thus, Plaintiffs believe that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation.

54. California Penal Code § 632.7 prohibits in pertinent part "[e]very person who, without the consent of all parties to a communication…intentionally records, or assists in the…intentional recordation of, a communication transmitted between…a cellular radio telephone and a landline telephone." Thus, on its face, California Penal Code § 632.7 precludes the recording of all communications involving a cellular telephone.

55. Though similar, California Penal Code § 632 and 632.7 are not duplicative and protect separate rights. California Penal Code § 632.7 grants a wider range of protection to conversations where one participant uses a cellular phone or cordless phone. For example, the "confidential communication" requirement of California Penal Code § 632 is absent from California Penal Code

§ 632.7.

56. Defendants caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendants.

57. Plaintiffs are informed and believe, and thereupon allege, that all these devises were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

58. Said recording equipment was used to record the telephone conversations of Plaintiffs and the members of the Class utilizing cellular telephones, all in violation of California Penal Code § 632.7.

59. Based on the foregoing, Plaintiffs and the members of the Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2.

60. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiffs and the Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests judgment against Defendants for the following:

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendants' negligent violations of *47 U.S.C. §227(b)(1),* Plaintiffs and The Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B).*
- Any and all other relief that the Court deems just and proper.

# SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiffs and The Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.
- Any and all other relief that the Court deems just and proper.

# THIRD CAUSE OF ACTION

**Violation of the California Invasion of Privacy Act**

**Cal. Penal Code § 632.7**

- For statutory damages of $5,000 per violation of Cal. Penal Code § 632.7 for Plaintiffs and each member of The CIPA Class pursuant to Cal. Penal Code § 637.2(a).
- Injunctive relief in the form of an order prohibiting Defendants from unilaterally recording telephone conversations, without first informing and receiving consent from the other party to the conversation.
- That the Court preliminarily and permanently enjoin Defendants from overhearing, recording, and listening to each and every oncoming and outgoing telephone conversation with California resident, including Plaintiffs and The CIPA Class, without their prior consent, as required by Cal. Penal Code § 630, et seq., and to maintain the confidentiality of the information of Plaintiff and The CIPA Class.

- For general damages according to proof.
- For costs of suit.
- For prejudgment interest at the legal rate.
- For attorney's fees and costs pursuant to Cal. Code of Civ. Pro. § 1021.5.
- For such further relief as this Court deems necessary, just, and proper.

## JURY DEMAND

61. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Respectfully Submitted this 29th Day of December, 2021.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff